UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

---

FRANCES R. SCOTT, as the Personal
Representative of the Estate of Barbara
Dawson,

    Plaintiff,

v.

CITY OF BLOUNTSTOWN; JOHN TADLOCK,
in his individual capacity; CALHOUN-LIBERTY
HOSPITAL ASSOCIATION, INC.; DREW PEACOCK;
and JENNIFER WALDORFF,

    Defendants.

                                      /

Case No.:

## COMPLAINT

Plaintiff, FRANCES R. SCOTT, as the Personal Representative of the Estate of Barbara Dawson, sues Defendants, CITY OF BLOUNTSTOWN; JOHN TADLOCK, in his individual capacity; CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC.; DREW PEACOCK and JENNIFER WALDORFF and states:

### JURISDICTION AND PARTIES

1. This is an action for violation of Section 395.1041, Florida Statutes, false imprisonment, assault, and battery under Florida law. This action is also being brought by Plaintiff to redress violations of Barbara Dawson's constitutional rights under the Constitution and laws of the United States, pursuant to 42 U.S.C. §§ 1983 and 1988 for compensatory and punitive damages in order to redress the Defendants' deprivation of the Plaintiff's liberties and rights under the Fourth Amendment to the Constitution of the United States, which Plaintiff

1

alleges herein was deliberately and/or intentionally not followed by the aforementioned Defendants.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367.

3. Plaintiff, FRANCES R. SCOTT, is the duly appointed personal representative for the estate of Barbara Dawson, who died on December 21, 2015. (See Letters of Administration attached hereto as "Exhibit A".)

4. Plaintiff, FRANCES R. SCOTT, is authorized pursuant to § 768.20, Fla. Stat. to bring this wrongful death action against Defendants on behalf of decedent's survivors and on behalf of decedent's estate.

5. In the alternative and/or in addition to the claim for wrongful death, Plaintiff also brings this action claim for survival damages as the cause of the decedent's death may be disputed by the parties. *See Capone v. Philip Morris USA, Inc.*, 116 So.3d 363, 378 (Fla. 2013)

6. Defendant the CITY OF BLOUTSTOWN (hereinafter "CITY") was at all times material hereto a municipality in Calhoun County, Florida, and is in all other respects sui juris, and operates and maintains the Blountstown City Police Department.

7. Defendant JOHN TADLOCK (hereinafter "TADLOCK") is and was at all times material hereto employed by Defendant CITY as a police officer.

8. Pursuant to Florida Statutes Section 768.28(6)(a), Plaintiff timely presented the wrongful death claim in writing to the CITY via certified U.S. Mail on or about December 24, 2015.

9. Defendant CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC. (hereinafter "HOSPITAL") is and was at all times material a Florida non-profit hospital located at 20370 NE Burns Ave., Blountstown, FL 32424.

10. Defendants DREW PEACOCK and JENNIFER WALDORFF are and were at all times material employed by Defendant HOSPITAL, as nursing staff.

11. All conditions precedent to bringing this action have occurred or have been waived pursuant to Section 768.28, Florida Statutes.

## GENERAL ALLEGATIONS

12. On or about December 20, 2015 at approximately 10:30 p.m., decedent, Barbara Dawson, was taken by ambulance to Defendant HOSPITAL. Defendant DREW PEACOCK, working in his capacity as a nurse and EMT, transported Barbara Dawson to Defendant HOSPITAL. Barbara Dawson was noted to have a chief complaint of hypertension and current abdominal pain and respiratory problems.

13. Following transport, Barbara Dawson was then admitted into the Emergency Room at Defendant HOSPITAL. At that time and place, Defendants, DREW PEACOCK and JENNIFER WALDORFF, were working in their capacity as employees of Defendant HOSPITAL and were the nurses primarily responsible for Barbara Dawson's assessment, care and treatment at Defendant HOSPITAL.

14. On or about December 21, 2015 at approximately 4:00 a.m., Defendant HOSPITAL, by and through Defendants, DREW PEACOCK and JENNIFER WALDORFF, discharged Barbara Dawson.

15. Barbara Dawson refused to leave and was complaining of difficulty breathing.

16.     Defendant HOSPITAL, by and through Defendants, DREW PEACOCK and JENNIFER WALDORFF, called the Blountstown City Police Department and asked for assistance in discharging Barbara Dawson.

17.     Defendant JOHN TADLOCK, in his capacity as a police officer, arrived at the HOSPITAL.

18.     Defendant JOHN TADLOCK knew that Barbara Dawson was refusing to leave and complaining of trouble breathing.

19.     Defendant JOHN TADLOCK, in his capacity as an employee and officer for the Blountstown City Police Department, arrested Barbara Dawson for trespassing and disorderly conduct.

20.     Defendant JOHN TADLOCK, in his capacity as an employee and officer for the Blountstown City Police Department, handcuffed Barbara Dawson and forcibly removed her from the HOSPITAL. Defendants, DREW PEACOCK and JENNIFER WALDORFF, assisted Defendant JOHN TADLOCK in physically removing Barbara Dawson for the HOSPITAL.

21.     Barbara Dawson continued protesting being removed and complaining of difficulty breathing.

22.     Barbara Dawson became unresponsive in the parking lot. Defendants, JOHN TADLOCK , DREW PEACOCK and JENNIFER WALDORFF continued to forcibly place Barbara Dawson into the police cruiser.

23.     The overseeing physician was eventually called to the parking lot and took Barbara Dawson back into the hospital on a stretcher where she continued to deteriorate and was pronounced dead at approximately 6:20 a.m.

## COUNT I - FALSE IMPRISONMENT

24. Plaintiff re-states the allegations in paragraphs 1 – 23 above.

25. At all times material to this count, Defendant JOHN TADLOCK was acting within the course and scope of his employment as a police officer with Blountstown City Police Department for Defendant CITY.

26. At all times material to this count, Defendants DREW PEACOCK and JENNIFER WALDORFF was acting within the course and scope of Defendant HOSPITAL.

27. Defendants, JOHN TADLOCK, DREW PEACOCK and JENNIFER WALDORFF, unlawfully detained and deprived Barbara Dawson of liberty of her person, and did not make reasonable inquiry into Plaintiff's emergency medical and critical health condition. Barbara Dawson's seizure and detention was against her will and not made in good faith.

28. At the time JOHN TADLOCK, DREW PEACOCK and JENNIFER WALDORFF detained Barbara Dawson it was without legal authority or "color of authority" and there was no probable cause for the detention.

29. Barbara Dawson repeatedly protested to her detention and the detention was unreasonable and unwarranted under the circumstances.

30. As a result of the unlawful detention, Barbara Dawson suffered bodily injury, humiliation, loss of capacity for the enjoyment of life, and mental pain and anguish or in the alternative as a result of the unlawful detention, Barbara Dawson suffered injuries resulting in her death.

WHEREFORE, Plaintiff, FRANCES R. SCOTT, as the Personal Representative of Barbara Dawson, respectfully requests this court enter judgment against Defendants, the CITY OF BLOUTSTOWN, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., JOHN

5

TADLOCK, DREW PEACOCK and JENNIFER WALDORFF for damages and/or wrongful death damages, costs of this action, post judgment interest, and trial by jury.

## COUNT II – VIOLATION OF FLORIDA STATUTE 395.1041

31.     Plaintiff restates the allegations in paragraphs 1 – 23 above.

32.     Florida Statute § 395.1041 (a) (1), requires that "[e]very general hospital which has an emergency department shall provide emergency services and care for any emergency medical condition when [a]ny person requests emergency services and care."

33.     Florida Statute § 395.1041 also provides a claim for civil redress for "any person who suffers personal harm as a result of a violation" of § 395.1041 or the rules adopted thereunder "for damages, reasonable attorney's fees, and other appropriate relief." However, subsection (g) provides that liability under this Act is only available for the refusal to render emergency services or care "if the refusal is made after screening, examining, and evaluating the patient, and is based on the determination, exercising reasonable care, that the person is not suffering from an emergency medical condition."

34.     On or about December 20, 2015, Barbara Dawson was suffering from an emergency medical condition, as defined by § 395.002, Florida Statutes.

35.     Defendants, DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL, failed to fulfill their duty to screen, examine and evaluate Barbara Dawson.

36.     In addition, Defendants, DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL, failed to exercise reasonable care in deciding that Barbara Dawson was not suffering from an emergency

medical condition and thus discharging Barbara Dawson from the Defendant HOSPITAL's emergency room.

37. Defendants, DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL, did not follow written procedures and policies requiring Medical Screening Exams, including but not limited to a respiratory distress evaluation and assessment and a change of condition evaluation and assessment, in violation of Florida Administrative Code 59A-3.255(6)(e).

38. Defendants, DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL, did not ensure that emergency services and care and proper Medical Screening Exams were performed in order to determine if an emergency medical condition was existing in Barbara Dawson, in violation of Florida Administrative Code 59A-3255(6)(a).

39. Defendants, DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL, further failed to provide the care necessary to relieve or eliminate Barbara Dawson's emergency medical condition, in violation of Florida Administrative Code 59A-3255(6)(a).

40. Defendant, HOSPITAL, is vicariously liable for the conduct of DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL.

41. As a direct result of the aforementioned violations of § 395.1041 and the rules adopted thereunder, Barbara Dawson suffered personal harm, including bodily injury, humiliation, loss of capacity for the enjoyment of life, and mental pain and anguish or in the

alternative as a result of said violations, Barbara Dawson suffered personal harm resulting in her death.

WHEREFORE, Plaintiff, FRANCES R. SCOTT, as the Personal Representative of Barbara Dawson, respectfully requests this court enter judgment against Defendants, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., DREW PEACOCK and JENNIFER WALDORFF for damages and/or wrongful death damages, costs of this action, post judgment interest, attorney's fees under § 395.1041, Fla. Stat. and trial by jury.

### COUNT III - BATTERY

42. Plaintiffs restates the allegations in paragraphs 1 – 23 above.

43. Defendants, JOHN TADLOCK, DREW PEACOCK and JENNIFER WALDORFF, intentionally touched Barbara Dawson against her will.

44. Defendants, JOHN TADLOCK, DREW PEACOCK and JENNIFER WALDORFF, forcibly tried to place Barbara Dawson into the police cruiser while she was unconscious.

45. Defendant, HOSPITAL, is vicariously liable for the conduct of DREW PEACOCK and JENNIFER WALDORFF, acting on the course and scope of their employment with Defendant HOSPITAL.

46. Defendant, CITY, is vicariously liable for the conduct of JOHN TADLOCK, acting in the course and scope of his employment with Defendant CITY.

47. As a direct result of Defendants' unlawful actions, Barbara Dawson suffered personal harm, including bodily injury, humiliation, loss of capacity for the enjoyment of life, and mental pain and anguish or in the alternative as a result of said violations, Barbara Dawson suffered personal harm resulting in her death.

8

WHEREFORE, Plaintiff, FRANCES R. SCOTT as the Personal Representative of Barbara Dawson, respectfully requests this court enter judgment against Defendants, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., DREW PEACOCK, JENNIFER WALDORFF and JOHN TADLOCK for damages and/or wrongful death damages, costs of this action, post judgment interest, and trial by jury.

## COUNT IV
## 42 U.S.C. §1983 CIVIL RIGHTS CLAIM AGAINST CITY and JOHN TADLOCK

48. Plaintiffs restates the allegations in paragraphs 1 – 23 above.

49. At all times relevant to this lawsuit, Defendant, JOHN TADLOCK was acting under the color of statute, ordinance, custom, or usage in their individual capacity as a law enforcement officer for the Blountstown Police Department.

50. On December 21, 2015, JOHN TADLOCK, in his capacity as a law enforcement officer for the Blountstown Police Department, without probable cause or legal justification, unlawfully arrested, seized and detained Barbara Dawson.

51. JOHN TADLOCK used excessive and unreasonable force in effecting the seizure of Barbara Dawson by handcuffing her, forcibly and physically removing her from the HOSPITAL and forcibly trying to place her into the police cruiser when she was non-responsive.

52. JOHN TADLOCK was not objectively or subjectively reasonable, as Barbara Dawson was protesting that she could no breathe and needed medical attention and no due diligence was taken by JOHN TADLOCK to confirm or ensure that Barbara Dawson was not in need of medical attention. In fact, JOHN TADLOCK disconnected Barbara Dawson's oxygen supply in her hospital room.

53. As a result of JOHN TADLOCK's acts as alleged above, Barbara Dawson unreasonably and illegally arrested, seized, and detained, in violation of her Fourth Amendment rights to be free from unlawful arrest and seizures.

54. Law enforcement officers employed and controlled by Defendant CITY on many occasions over a period of years subjected citizens to unconstitutional actions, including search, arrests and detentions without probable cause and the use of excessive force in the course of making arrests.

55. Defendant CITY has known or has had reason to know of the pervasive unconstitutional actions of the Blountstown Police Department law enforcement officers, as described in the preceding paragraph.

56. Despite such knowledge, the CITY has failed to train, supervise, and discipline his law enforcement officers, including JOHN TADLOCK, thereby acquiescing in and sanctioning unconstitutional conduct and giving it the status of a policy or custom of the Blountstown Police Department.

57. The failure of the CITY to train, supervise, and discipline law enforcement officers has been so great as to constitute deliberate indifference by the CITY to the rights of the citizens, including Barbara Dawson, who come into contact with the Blountstown Police Department officers.

58. The acts and omissions of the CITY caused the Barbara Dawson to be unlawfully arrested, seized and detained without probable cause and subjected to excessive force, in violation of her rights under the Fourth Amendment to the United States Constitution to be secure in her person and effects against unreasonable arrest and seizure, and their rights under

the Fourteenth Amendment to the United States Constitution not to be deprived of her liberty without due process.

59.     The acts and omissions of the CITY were taken under color of state law.

60.     The acts and omissions of the CITY and JOHN TADLOCK proximately caused injury to Barbara Dawson, including physical injuries, mental and emotional distress, and/or wrongful death, in violation of Barbara Dawson's constitutional rights and 42 U.S.C. § 1983.

61.     The Defendants' actions were willful and done in conscious and deliberate indifference to the rights of Barbara Dawson.

62.     Plaintiff is entitled to recover from the Defendants a reasonable attorney's fee as part of the costs of this action, pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, FRANCES R. SCOTT, as the Personal Representative of Barbara Dawson, respectfully requests this court enter judgment against the CITY OF BLOUNTSTOWN for all damages available under 42 U.S.C. § 1983, for costs of this action including reasonable attorney's fees under 42 U.S.C. § 1988, post judgment interest, and trial by jury and against Defendant, JOHN TADLOCK, in his individual capacity, for all damages available under 42 U.S.C. § 1983, for costs of this action including reasonable attorney's fees under 42 U.S.C. § 1988, post judgment interest, and trial by jury.

Respectfully submitted this 16th day of July, 2016.

Respectfully submitted,

PARKS & CRUMP, LLC
240 N. Magnolia Drive
Tallahassee, FL 32301
(850) 224-6400 Telephone
(850) 224-6679 Facsimile
*Attorneys for Plaintiff*


/s/ Daryl D. Parks
Daryl D. Parks, Esq.
FBN: 0054097
Dparks@parkscrump.com

And

DOLMAN LAW GROUP
Darryl E. Rouson, Esq.
FBN: 312207
darryl@dolmanlaw.com
1663 1st Avenue South
St. Petersburg, Florida 33712
(727) 451-6900 Telephone
(727) 201-9785 Facsimile
*Attorneys for the Plaintiff*

12